Matter of Brody (2025 NY Slip Op 05079)

Matter of Brody

2025 NY Slip Op 05079

Decided on September 24, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
DEBORAH A. DOWLING, JJ.

2024-02188

[*1]In the Matter of Elizabeth Diane Brody, a suspended attorney, respondent. (Attorney Registration No. 4029104)

APPLICATION pursuant to 22 NYCRR 1240.10 by Elizabeth Diane Brody, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on January 30, 2002, to resign as an attorney and counselor-at-law. By decision and order on motion of this Court dated August 12, 2024, the respondent was immediately suspended from the practice of law, pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5), based on uncontroverted evidence that she, inter alia, defaulted in responding to judicial subpoenas and failed to cooperate with the Grievance Committee's investigation (see Matter of Brody , 2024 NY Slip Op 72531[U]).

Courtny Osterling, White Plains, NY, for Grievance Committee for the Ninth Judicial District.
Elizabeth Diane Brody, Cornwall, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The respondent, Elizabeth Diane Brody, has submitted an affidavit sworn to on October 17, 2024, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in her affidavit that she is currently the subject of a disciplinary proceeding commenced by the Grievance Committee for the Ninth Judicial District, pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition and a verified petition, both dated March 18, 2024, alleging four charges of professional misconduct. By letter dated September 18, 2024, charge four was withdrawn. The petition, as amended, alleges that the respondent engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on her fitness as a lawyer by failing to timely or fully cooperate with the Grievance Committee and failing to comply with this Court's subpoenas and engaged in conduct that adversely reflects on her fitness as a lawyer by issuing a check for an amount that she did not have in her escrow account, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In addition, the respondent acknowledges that she is currently the subject of an investigation by the Grievance Committee involving allegations that she: (1) misappropriated $300,000 of client funds held on behalf of West 128th Street, LP, and/or NY Residential Property Works, LLC; (2) may have engaged in additional misappropriations or misapplications of funds that have not been identified as of the date of her affidavit due to the fact that there is no full accounting of client funds held in her attorney trust account; (3) failed to pay over funds upon request by a party entitled to the same; (4) engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, including misrepresenting facts to a court; (5) engaged in contemptuous conduct by failing to comply with a court order; (5) filed a frivolous motion with a court; and (6) failed to cooperate with additional investigations by the Grievance Committee. The respondent attests that she cannot [*2]successfully defend against the charges and allegations based upon the facts and circumstances of her professional misconduct as described herein.
The respondent also avers that her resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that she make monetary restitution to West 128th Street, LP, and/or NY Residential Property Works, LLC, or the appropriate representatives of those entities in the sum of $300,000 and that she reimburses the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any sum that the Lawyers' Fund paid as a result of any misappropriation on her part. The respondent further acknowledges that her resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund, and she consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting her resignation, she will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS, and DOWLING, JJ., concur.
ORDERED that the application of the respondent, Elizabeth Diane Brody, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Elizabeth Diane Brody, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Elizabeth Diane Brody, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Elizabeth Diane Brody, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Elizabeth Diane Brody, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to West 128th Street, LP, and/or NY Residential Property Works, LLC, or the appropriate representatives of those entities; and it is further,
ORDERED that in the event no awards have been made by the Lawyers' Fund for [*3]Client Protection of the State of New York to West 128th Street, LP, and/or NY Residential Property Works, LLC, or the appropriate representatives of those entities, the respondent, Elizabeth Diane Brody, shall make monetary restitution to West 128th Street, LP, and/or NY Residential Property Works, LLC, or the appropriate representatives of those entities in the amount of $300,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to West 128th Street, LP, and/or NY Residential Property Works, LLC, or the appropriate representatives of those entities, the respondent, Elizabeth Diane Brody, shall make partial restitution to West 128th Street, LP, and/or NY Residential Property Works, LLC, or the appropriate representatives of those entities to the extent that West 128th Street, LP, and/or NY Residential Property Works, LLC, or the appropriate representatives of those entities have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York or by the Lawyers' Fund for Client Protection of the State of New York where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Elizabeth Diane Brody, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court